IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **NEELIE ANDERSON,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | )   CIVIL NO. 10-765-GPM |
| | ) |
| **MATRIXX INITIATIVES, INC.,** a Delaware | ) |
| **Corporation f/k/a Gum Tech International,** | ) |
| **Inc., f/k/a Nekros International Marketing,** | ) |
| **Inc., et al.,** | ) |
| | ) |
| **Defendants.** | ) |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

This matter is before the Court sua sponte on the issue of federal subject matter jurisdiction. *See Foster v. Hill*, 497 F.3d 695, 696-97 (7th Cir. 2007) ("It is the responsibility of a court to make an independent evaluation of whether subject matter jurisdiction exists in every case."); *Johnson v. Wattenbarger*, 361 F.3d 991, 992 (7th Cir. 2004) (a district court's "first duty in every suit" is "to determine the existence of subject-matter jurisdiction"). Plaintiff Neelie Anderson brings this action to recover damages for personal injuries allegedly caused by Zicam, a nasal gel manufactured and distributed by Defendants Matrixx Initiatives, Inc. ("Matrixx"), Zicam, LLC ("Zicam"), and Botanical Laboratories, Inc. ("Botanical"). Anderson asserts federal subject matter jurisdiction on the basis of diversity of citizenship pursuant to 28 U.S.C. § 1332. Having reviewed the allegations of Anderson's complaint, the Court discerns certain flaws in Anderson's pleading with respect to federal jurisdiction in diversity. These defects require Anderson to re-plead her complaint.

The exercise of federal subject matter jurisdiction in diversity requires generally, of course, that the parties to a case be of diverse state citizenship and that an amount in excess of $75,000, exclusive of interest and costs, be in controversy. *See* 28 U.S.C. § 1332(a)(1); *LM Ins. Corp. v. Spaulding Enters. Inc.*, 533 F.3d 542, 547 (7th Cir. 2008). "For a case to be within the diversity jurisdiction of the federal courts, diversity must be 'complete,' meaning that no plaintiff may be a citizen of the same state as any defendant." *Fidelity & Deposit Co. of Md. v. City of Sheboygan Falls*, 713 F.2d 1261, 1264 (7th Cir. 1983) (citing *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267 (1806)). The state citizenship of a corporation for purposes of federal diversity jurisdiction is the state where the corporation is incorporated and the state where the corporation has its principal place of business, meaning, that is, the state where the corporation maintains its headquarters or "nerve center." *See* 28 U.S.C. § 1332(c)(1); *Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1192-95 (2010); *Illinois Bell Tel. Co. v. Global NAPs Ill., Inc.*, 551 F.3d 587, 590 (7th Cir. 2008); *Kanzelberger v. Kanzelberger*, 782 F.2d 774, 777-78 (7th Cir. 1986); *Wisconsin Knife Works v. National Metal Crafters*, 781 F.2d 1280, 1282 (7th Cir. 1986); *Nuclear Eng'g Co. v. Scott*, 660 F.2d 241, 250 (7th Cir. 1981). The citizenship of a limited liability company ("LLC") for purposes of federal diversity jurisdiction is determined by the citizenship of each of the LLC's members. *See Thomas v. Guardsmark, LLC*, 487 F.3d 531, 534 (7th Cir. 2007); *Camico Mut. Ins. Co. v. Citizens Bank*, 474 F.3d 989, 992 (7th Cir. 2007); *Intec USA, LLC v. Engle*, 467 F.3d 1038, 1041 (7th Cir. 2006); *Wise v. Wachovia Sec., LLC*, 450 F.3d 265, 267 (7th Cir. 2006); *Belleville Catering Co. v. Champaign Mkt. Place, L.L.C.*, 350 F.3d 691, 692 (7th Cir. 2003); *Cosgrove v. Bartolotta*, 150 F.3d 729, 731 (7th Cir. 1998); *LaRoe v. Cassens & Sons, Inc.*, 472 F. Supp. 2d 1039, 1040-41 (S.D. Ill. 2006).

Turning then to the jurisdictional allegations of Anderson's complaint, the complaint properly alleges that Anderson is an Illinois citizen for purposes of federal diversity jurisdiction. Also, it appears from the allegations of Anderson's complaint that an amount in excess of $75,000, exclusive of interest and costs, is in controversy here, given that Anderson alleges a severe and permanent injury, the loss or substantial impairment of her sense of smell, as a result of using Zicam. *See Colon v. SmithKline Beecham Corp.*, Civil No. 09-1073-GPM, 2010 WL 46523, at *2 (S.D. Ill. Jan. 5, 2010) (quoting *Gilmore v. Bayer Corp.*, Civil No. 09-986-GPM, 2009 WL 4789406, at *3 (S.D. Ill. Dec. 9, 2009)) ("[T]his Court routinely finds the amount in controversy to be satisfied in cases where plaintiffs allege 'severe and permanent personal injuries[.]'") (collecting cases). Unfortunately, Anderson fails to allege properly the state citizenship of Matrixx, Zicam, and Botanical for diversity purposes. With respect to Matrixx, Anderson seems to allege that Matrixx is a corporation incorporated under the law of Utah, and thus is a Utah citizen for diversity purposes, but fails to identify the state where Matrixx has its principal place of business or nerve center. With respect to Zicam, Anderson alleges only that it is "an Arizona Limited Liability Corporation [sic]." Doc. 2 at 3 ¶ 10. Anderson completely fails to identify any of the members of Zicam or the state citizenship of those members for diversity purposes. Finally, with respect to Botanical, Anderson seems to allege that Botanical is a corporation incorporated under the law of Washington, and thus is a Washington citizen for diversity purposes, but fails to identify the state where Botanical has its principal place of business or nerve center. It is the Court's usual practice, in cases in which federal subject matter jurisdiction has been improperly pled, to give leave freely to amend defective jurisdictional allegations. *See* 28 U.S.C. § 1653 ("Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts."); *Leaf v. Supreme Court of*

*Wis.*, 979 F.2d 589, 595 (7th Cir. 1992) (quoting *Watkins v. Lujan*, 922 F.2d 261, 264 (5th Cir. 1991)) ("[W]hile a court must dismiss a case over which it has no jurisdiction when a fatal defect appears, leave to amend defective allegations of subject matter jurisdiction should be freely given."). Accordingly, the Court will direct Anderson to file an amended complaint that properly alleges the state citizenship of Matrixx, Zicam, and Botanical for purposes of federal subject matter jurisdiction in diversity.

To conclude, it is hereby **ORDERED** that Anderson shall file an amended complaint that corrects the defects in Anderson's pleading of the Court's subject matter jurisdiction in diversity in Anderson's original complaint that are addressed in this Order not later than Friday, October 22, 2010, at 12:00 noon. The Court reminds Anderson's counsel that the jurisdictional facts contained in Anderson's amended complaint must be alleged not on the basis of "information and belief" but on personal knowledge. *See America's Best Inns, Inc. v. Best Inns of Abilene, L.P.*, 980 F.2d 1072, 1074 (7th Cir. 1992); *Frakes v. B & J Food Serv. Equip. of Mo., Inc.*, Civil No. 10-247-GPM, 2010 WL 1418567, at *2 (S.D. Ill. Apr. 7, 2010); *Lyerla v. AMCO Ins. Co.*, 462 F. Supp. 2d 931 (S.D. Ill. 2006). Failure to file an amended complaint as herein ordered will result in the dismissal of this case pursuant to Rule 12(h)(3) of the Federal Rules of Civil Procedure.

**IT IS SO ORDERED.**

DATED: October 12, 2010

/s/ G. Patrick Murphy
G. PATRICK MURPHY
United States District Judge